UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BLAKE,

    Petitioner,

v.

BLAINE C. LAFLER,

    Respondent.

_____/

Civil Action No. 07-CV-14210

HON. BERNARD A. FRIEDMAN

### **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Richard Blake, presently confined at the Carson City Correctional Facility,[1] seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his 20- to 30-year sentence for second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(A), as enhanced by his designation as a third-time habitual felony offender under Mich. Comp. Laws §§ 750.520f, 769.11. For the reasons stated below, the court shall deny the petition.

### **I. Background**

Petitioner was charged in Barry Circuit Court with four counts of second-degree criminal sexual conduct, and one count of gross indecency. On May 19, 2004, he pled no contest to a single count of second-degree criminal sexual conduct in exchange for dismissal of the other charges. Petitioner was advised at the plea hearing that his maximum possible sentence was 30

---

[1] When petitioner originally filed his petition for a writ of habeas corpus, he was incarcerated at the Thumb Correctional Facility, but he has since been transferred to the Carson City Correctional Facility. The only proper respondent in a habeas case is the petitioner's custodian, which is the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp.2d 755, 757 (E.D. Mich. 2006); Rule 2(a), 28 U.S.C. § 2254. Therefore, the court has substituted Warden Blaine C. Lafler as the defendant in this matter.

years and that there was no sentencing agreement. Plea Tr. at 14.

At the plea hearing, petitioner stated that he understood the charges and the maximum penalty. Petitioner was advised of the rights that he would be relinquishing by pleading guilty. Petitioner acknowledged that there had been no threats or promises, other than the ones put on the record, to induce his plea. Plea Tr. at 7-11, 15-16. On June 3, 2004, petitioner was sentenced to a prison term of 20 to 30 years. The sentence exceeded the recommended guideline range of a 50-to150-month minimum term. Sent Tr. at 17.

Petitioner filed a pro se motion for re-sentencing with the trial court. The court construed the motion as a motion for relief from judgment under MCR 6.500, et seq., and it issued an opinion denying the motion. Petitioner did not appeal this order in the state courts.

Petitioner subsequently requested and was granted appointment of appellate counsel. On June 27, 2005, appellate counsel filed a delayed application for leave to appeal with the Michigan Court of Appeals that raised the following issue: "The trial court did not articulate sufficient reasons for imposing a sentence in excess of the sentencing guidelines range." On August 16, 2005, the Michigan Court of Appeals issued an order denying petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented." *People v. Blake*, No. 263597 (Mich. App. Aug. 16, 2005). Petitioner did not appeal this order to the Michigan Supreme Court.

On June 20, 2006, petitioner filed a second motion for relief from judgment with the state trial court and raised the following issue: "The trial court violated [petitioner's] V, VI, and XIV Amendment constitutional rights when it abused its discretion in sentencing [petitioner] beyond the calculated range of the mandatory, statutory Michigan sentencing guidelines based on facts already assessed in the computation of the punishment phase and Blakely-violating, extrajudicial

2

fact-finding."

The trial court issued an order denying the motion, finding that: (1) objective reasons justified the guideline departure; (2) petitioner had already sought direct appeal of his sentence; and (3) petitioner had already filed a motion for relief from judgment.

Petitioner filed an application for leave to appeal this order, but on January 31, 2007, the Michigan Court of Appeals issued an order denying petitioner's application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Blake*, No. 271455 (Mich. App. Jan. 31, 2007). Petitioner's subsequent application for leave to appeal with the Michigan Supreme Court was likewise denied under MCR 6.508(D). *See People v. Blake*, No. 133304 (June 26, 2007).

Petitioner has now filed an application for writ of habeas corpus raising following claim:

> The trial court violated Petitioner's V, VI, and XIV Amendment constitutional rights when it abused its discretion in sentencing Petitioner beyond the calculated range of the mandatory, statutory Michigan sentencing guidelines based on facts already assessed in the computation of the punishment phase and *Blakely*-violating, extrajudicial fact-finding.

## II. Analysis

### A. Legal Standards

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

3

> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003). A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

### B. Procedural Default

Respondent argues that review of petitioner's claim is barred by his failure to present it during his direct appeal. Petitioner responds that MCR 6.508 was incorrectly applied to his claim and that he can establish "cause" to excuse the default.

When the state appellate courts denied petitioner's request for post-conviction review, they used the form order citing MCR 6.508(D) as grounds for their decision. The Sixth Circuit has conflicting decisions as to whether this language suffices to constitute a procedural default in federal court. *Cf. Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000) (language alone sufficient to constitute invocation of procedural bar), *with Abela v. Martin*, 380 F.3d 915, 923-24

(6th Cir. 2004) (language insufficient where lower court opinion rejected claims on the merits). The Sixth Circuit has recently granted rehearing *en banc* to resolve this issue. *See Guilmette v. Howes*, No. 08-2256, 2010 U.S. App. LEXIS 5684 (6th Cir. Mar. 12, 2010).

While the procedural default doctrine precludes habeas relief on a defaulted claim, the procedural default doctrine is not jurisdictional. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). Thus, while a procedural default issue should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits of [a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (internal citations omitted); *see also*, *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (noting that procedural default issue should ordinarily be resolved first, but denying habeas relief on a different basis because resolution of the default issue would require remand and further judicial proceedings). In light of the uncertainty in the Sixth Circuit regarding this issue, the court shall therefore proceed to the merits of petitioner's claims.

### C. Sentencing Guideline Departure

Petitioner first asserts that his due process rights were violated when the sentencing court departed from the recommended guideline range. Petitioner argues that the court relied on factors to depart from the recommended range that were already considered in the guidelines themselves.

At the plea hearing, the parties agreed and acknowledged that the statutory maximum penalty petitioner faced was 30 years. Plea Tr. at 14. A sentence imposed within the statutory limits is not generally subject to habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp.2d 788, 797 (E.D. Mich. 1999).

5

"[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review because it is based on an alleged violation of Michigan sentencing law. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Coy v. Renico,* 414 F. Supp.2d 744, 780 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp.2d 740, 752 (E.D. Mich. 2005); *Lovely v. Jackson,* 337 F. Supp.2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range is therefore not cognizable. *See Drew v. Tessmer,* 195 F. Supp.2d 887, 889-90 (E.D. Mich. 2001); *Welch v. Burke*, 49 F. Supp.2d 992, 1009 (E.D. Mich. 1999). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp.2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating petitioner's guideline score or in departing above his sentencing guidelines range does not merit habeas relief.

Moreover, the trial court's alleged failure to articulate sufficient substantial and compelling reasons for departing above the sentencing guidelines range, as required by MCL 769.34(3), does not entitle petitioner to habeas relief because it is simply another allegation that the state court violated Michigan law. *See Koras v. Robinson,* 123 Fed. Appx. 207, 214 (6th Cir. 2005) (state trial judge's alleged failure to articulate the reasons for enhancing habeas petitioner's sentence, in violation of MCR 6.425 and Michigan case law, did not present a basis for federal habeas corpus relief); *Jackson v. Hofbauer*, No. 2008 WL 4937956, at *3 (E.D. Mich. Nov. 13, 2008). Therefore, petitioner's claims based on an alleged violation of state sentencing law must be

denied.

### D. Sentence Based on Facts Not Admitted by Petitioner

Petitioner also claims that the trial court improperly based his sentence on facts that were not submitted to a jury and proven beyond a reasonable doubt or conceded by petitioner at the plea hearing. Specifically, petitioner notes that the trial court assumed that the three boys who were the victim of his sexual misconduct and their extended family suffered from psychological harm. Petitioner argues that he never admitted nor did the prosecutor prove to a jury that his repeated molestation of the young boys caused such harm.

In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004)*,* in which the Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for an offense must be submitted to a jury and proven beyond a reasonable doubt. *See id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Petitioner's reliance on *Blakely* is misplaced because *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by statute. *See People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161.

Under Michigan law, only the minimum sentence must presumptively be set within

7

the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n.7; 666 N.W. 2d 231 (2003). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n.14. Michigan's indeterminate sentencing scheme is therefore unaffected by the Supreme Court's holding in *Blakely. See Drohan,* 475 Mich. at 164.

Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. This was made clear in *Cunningham v. California*, 549 U.S. 270 (2007), where the Supreme Court explained that states may retain determinate sentencing by requiring the jury "to find any fact necessary to the imposition of an elevated sentence" or by allowing judges "'to exercise broad discretion . . . within a statutory range,' which 'everyone agrees,' encounters no Sixth Amendment shoal." *Id.* at 294 (*quoting United States v. Booker*, 543 U.S. 220, 233 (2005)). *See also Harris v. United States*, 536 U.S. 545, 565 (2002) ("[w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt" and the judge "may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those [grand and petit] juries – and without contradicting *Apprendi*.").

The holdings in *Apprendi* and *Blakely* do not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis,* 585 F.3d 1000, 1002 (6th Cir. 2009). Indeed, "by clarifying that minimum sentences fall outside *Apprendi's* scope, *Harris* forecloses [petitioner's] claim." *Id.* The Sixth Amendment right to a jury trial merely "ensure[s] that the defendant 'will never get more

8

punishment than he bargained for when he did the crime.'" *Id.* at 1002 (*quoting Harris*, 536 U.S. at 566.

When petitioner violated the criminal sexual conduct and habitual offender statutes, he faced up to 30 years in prison. Therefore, "regardless of the ways that judicial factfinding and Michigan's guidelines affected his minimum sentence," petitioner "got no more than he bargained for." *Chontos,* 585 F.3d at 1002. Petitioner is not entitled to habeas relief on his *Blakely* claim.

### III. Conclusion and Order

For the reasons stated above, the court shall deny the petition in this matter for a writ of habeas corpus. The court shall also decline to issue a certificate of appealability, as petitioner has failed to make a substantial showing of the denial of a constitutional right. For the same reason, sthe court shall not permit petitioner to proceed on appeal *in forma pauperis*. Accordingly,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is denied with prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal *in forma pauperi*s.

S/Bernard A. Friedman_____
Dated: September 29, 2010     HON. BERNARD A. FRIEDMAN
    Detroit, Michigan     SENIOR UNITED STATES DISTRICT JUDGE